IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAWN ANAMA and ) | |
| KELLY CARTWRIGHT, ) | |
| individually and on behalf of ) | |
| the classes defined herein, ) | **Case No.: 07 C 4251** |
| ) | |
| Plaintiffs, ) | **Judge Bucklo** |
| ) | |
| v. ) | **Magistrate Judge Keys** |
| ) | |
| AFNI, INC., ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT - CLASS ACTION**

Defendant, Afni, Inc. ("Defendant" or "Afni"), by its attorneys David M. Schultz and Justin M. Penn, and for its Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint, states as follows:

**INTRODUCTION**

1.      Plaintiffs Dawn Anama and Kelly Cartwright bring this action to secure redress against unlawful credit and collection practices engaged in by defendant AFNI, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g. Plaintiff Cartwright also seeks declaratory and injunctive relief under state law.

**ANSWER:   Defendant admits that plaintiffs filed a lawsuit purporting to allege a violation of the FDCPA.  In further answering the allegations contained in paragraph 1, defendant denies that it violated the FDCPA or engaged in any unlawful collection**

1

practices, denies that this allegations accurately characterizes the purpose of the FDCPA, and denies that plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367 and 15 U.S.C. §1692k (FDCPA).

**ANSWER:    Defendant admits that jurisdiction is proper for properly pled claims arising under federal law.**

3.     Venue and personal jurisdiction over defendant in this District is proper because defendant's collection communications were received here.

**ANSWER:    Defendant admits that venue and personal jurisdiction is proper for properly pled claims arising under federal law.**

## PARTIES

4.     Plaintiff Dawn Anama is an individual who resides in the Northern District of Illinois.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to where plaintiff Dawn Anama resides as of the date of this answer, but admits that, upon information and belief, Ms. Anama resided in this District as the last known address it has for Ms. Anama is in this District.**

5.     Plaintiff Kelly Cartwright is an individual who resides in the Northern District of Illinois.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to where plaintiff Kelly Cartwright resides as of the date of this answer, but admits that, upon information and belief, Ms. Cartwright resided in this District as the last known address it has for Ms. Cartwright is in this District.**

6.     Defendant AFNI, Inc. is a corporation with offices at 404 Brock Drive, Bloomington, Illinois 61702.

**ANSWER:    Defendant admits this allegation.**

7.     AFNI, Inc. is engaged in the business of purchasing charged-off debts allegedly owed by consumers to others and attempting to collect the debts.

**ANSWER:   Defendant admits that a portion of its business involves the purchase and collection of defaulted debt originally owed to another. Defendant denies this paragraph accurately characterizes its business activities and denies all remaining allegations contained in this paragraph.**

8. Defendant pays an average of less than 10 cents on the dollar for the debts.

**ANSWER:   Defendant denies this paragraph accurately characterizes the nature of its business activities.**

9. Defendant AFNI, Inc. is a "debt collector" as defined in the FDCPA.

**ANSWER:   Defendant admits that it acts as a debt collector as defined by the FDCPA in many instances and for many purposes. Defendant is without knowledge or information sufficient to form a belief as to whether it was acting as a debt collector with respect to the plaintiffs as that term is defined by the FDCPA since it is without knowledge sufficient to form a belief as to the nature of the plaintiffs' underlying phone debts.**

## FACTS RELATING TO PLAINTIFF ANAMA

10. On or about October 5, 2006, defendant AFNI, Inc., sent plaintiff Anama a collection letter seeking to collect a Cingular cellular phone debt allegedly incurred for personal, family or household purposes.

**ANSWER:   Defendant admits that on or about October 5, 2006, it sent Ms. Anama a collection letter seeking to collect a defaulted debt originally owed to Cingular. Defendant is without knowledge to form a belief as to the truth or falsity as to whether Ms. Anama incurred the debt for personal, family or household purposes since it does not know the nature of the underlying debt.**

11. AFNI, Inc. had purchased the alleged debt.

**ANSWER:   Defendant admits the allegation contained in this paragraph.**

12. The letter adds to the balance claimed on account of the alleged debt a "collection fee."

**ANSWER:   Defendant admits the allegation contained in this paragraph.**

13. On information and belief, such fee is not authorized by law or contract because none of the contracts underlying the debts purchased by AFNI, Inc. entitles AFNI, Inc. to refer to itself a debt which it owns and add a collection fee.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

## FACTS RELATING TO PLAINTIFF CARTWRIGHT

14. On or about October 5, 2006, defendant AFNI, Inc., sent plaintiff Cartwright a collection letter seeking to collect a Cingular cellular phone debt allegedly incurred for personal, family or household purposes.

**ANSWER:** **Defendant admits that on or about October 5, 2006, it sent Ms. Cartwright a collection letter seeking to collect a defaulted debt originally owed to Cingular. Defendant is without knowledge to form a belief as to the truth or falsity as to whether Ms. Anama incurred the debt for personal, family or household purposes since it does not know the nature of the underlying debt.**

15. AFNI, Inc. had purchased the alleged debt.

**ANSWER:** **Defendant admits the allegation contained in this paragraph.**

16. Plaintiff had resolved the account with Cingular and did not owe anything.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

17. The letter adds to the balance claimed on account of the alleged debt a "collection fee."

**ANSWER:** **Defendant admits the allegation contained in this paragraph.**

18. On information and belief, such fee is not authorized by law or contract because none of the contracts underlying the debts purchased by AFNI, Inc. entitles AFNI, Inc. to refer to itself a debt which it owns and add a collection fee.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

## FACTS — GENERAL

19. It is a standard practice of defendant to impose collection fees on cellular phone debts generally and Cingular phone debts in particular.

**ANSWER:** **Defendant denies the allegations contained in this paragraph accurately summarize or characterize the nature of the defendant's business, specifically denying that defendant has a standard practice of seeking to collect collection fees.**

6223278v1 879759

20. AFNI regularly sent letters including the collection fees in the balance due.

**ANSWER:** **Defendant denies the allegations contained in this paragraph accurately summarize or characterize the nature of the defendant's business.**

21. No such fees are authorized by the contracts held by defendant.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

## COUNT I — FDCPA

22. Plaintiffs incorporate paragraphs 1-21.

**ANSWER:** **Defendant restates and realleges paragraphs one through 21 as if fully restated and realleged herein.**

23. The collection or attempted collection of the fee violates 15 U.S.C. §§1692f and 1692f(1).

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

24. The representation that plaintiffs owed the fee violates 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10).

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

## CLASS ALLEGATIONS

25. Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

**ANSWER:** **Defendant admits that plaintiffs' Amended Complaint is purported to be brought on behalf of a class. Defendant denies a class is appropriate and denies all remaining allegations contained within this paragraph.**

26. The class consists of (a) all natural persons with Illinois addresses (b) to whom defendant AFNI, Inc. sent a letter seeking to collect a cellular phone bill acquired by defendant, (c) that seeks a collection fee, (d) which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:** **Defendant denies that a class exists, denies that a class should be certified, and denies all allegations contained in this paragraph.**

27.　　The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 natural persons with Illinois addresses to whom defendant AFNI, Inc. sent a letter seeking to collect a cellular phone bill acquired by defendant, that seeks a collection fee, which letter was sent during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:　　Defendant denies that a class exists, denies that a class should be certified, and denies all allegations contained in this paragraph.**

28.　　There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the addition of the collection fees violates the FDCPA.

**ANSWER:　　Defendant denies that a class exists, denies that a class should be certified, and denies all allegations contained in this paragraph.**

29.　　Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:　　Defendant denies that a class exists, denies that a class should be certified, and denies all allegations contained in this paragraph.**

30.　　Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:　　Defendant denies the allegations contained in this paragraph.**

31.　　A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**ANSWER:　　Defendant denies the allegations contained in this paragraph.**

### COUNT II — DECLARATORY AND INJUNCTIVE RELIEF

32.　　Plaintiff Cartwright incorporates paragraphs 1-21.

**ANSWER:　　Defendant restates and realleges paragraphs one through 21 as if fully restated and realleged herein.**

33. There is a controversy as to whether defendant is entitled to add collection fees to cellular phone bills it purchases.

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

34. A declaratory judgment is necessary to resolve such controversy.

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

35. Injunctive relief is necessary to prevent the imposition and collection of unauthorized charges.

**ANSWER:   Defendant denies the allegations contained in this paragraph.**

## CLASS ALLEGATIONS

36. Plaintiff Cartwright brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(2).

**ANSWER:   Defendant denies that a class exists, denies that a class should be certified, and denies all allegations contained in this paragraph.**

37. The class consists of (a) all natural persons with addresses other than in Wisconsin and Maryland (b) to whom defendant AFNI, Inc. sent (at any time) a letter seeking to collect a cellular phone bill acquired by defendant, (c) that seeks a collection fee, (d) where the alleged debt was shown on defendant's books and records as owing as of July 27, 2007, the filing date of the original complaint herein (regardless of whether the debt is in fact owing).

**ANSWER:   Defendant denies that a class exists, denies that a class should be certified, and denies all allegations contained in this paragraph**

38. The class is so numerous that joinder is impracticable. On information and belief, there are more than 100,000 natural persons with addresses other than in Wisconsin to whom defendant AFNI, Inc. sent a letter seeking to collect a cellular phone bill acquired by defendant, that seeks a collection fee, where the alleged debt is shown on defendant's books and records as owing as of July 27, 2007.

**ANSWER:   Defendant denies that a class exists, denies that a class should be certified, and denies all allegations contained in this paragraph.**

39. There are questions of law and fact common to the members of the class. The predominant common question is whether the collection fee is authorized.

**ANSWER: Defendant denies that a class exists, denies that a class should be certified, and denies all allegations contained in this paragraph.**

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER: Defendant denies that a class exists, denies that a class should be certified, and denies all allegations contained in this paragraph**

41. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

42. Defendant has acted in a uniform manner with respect to the class, by adding collection fees to debts it owns and demanding payment.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

## COUNT III — DECLARATORY RELIEF

43. Plaintiff Cartwright incorporates paragraphs 1-21.

**ANSWER: Defendant restates and realleges paragraphs one through 21 as if fully restated and realleged herein.**

44. There is a controversy as to whether plaintiff Cartwright owes defendant anything.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

45. A declaratory judgment is necessary to resolve such controversy.

**ANSWER: Defendant denies the allegations contained in this paragraph.**

## AFFIRMATIVE DEFENSES

*First Affirmative Defense*

For its First Affirmative Defense, defendant states that any violation of the FDCPA, which defendant denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

6223278v1 879759

*Second Affirmative Defense*

For its Second Affirmative Defense, defendant states that plaintiffs and the putative class are not entitled to injunctive or declaratory relief as this is not a proper remedy under the FDCPA.

*Third Affirmative Defense*

For its Third Affirmative Defense, defendant asserts that u the plaintiffs' purported causes of action are not be allowed to proceed within the United States District Court system as defendant possesses the contractual right to move this action to arbitration based on contracts entered into by plaintiffs.

*Fourth Affirmative Defense*

For its Fourth Affirmative Defense, defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, or other individual defenses. Defendant reserves the right to amend its Affirmative Defenses to address those potential defenses.

WHEREFORE, Defendant, Afni, Inc. respectfully requests that the Court dismiss the Second Amended Complaint in its entirety and grant such other and further relief in Afni, Inc.'s favor as the Court deems just and proper

        Respectfully submitted,

        **Afni, Inc.**

By:    <u>s/Justin M. Penn</u>
        One of the Attorneys for Defendant

David M. Schultz
Justin M. Penn
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

6223278v1 879759

## CERTIFICATE OF SERVICE

I, the undersigned, certify that I filed this Notice and the document referenced herein through the Court's ECM/CF system, which will cause electronic notification of this filing to be sent to all counsel of record on April 15, 2007.

/s/Justin M. Penn