IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN ANAMA and KELLY CARTWRIGHT, individually and on behalf of the classes defined herein, | ) ) ) ) ) | 07 C 4251 |
| Plaintiffs, | ) ) | Judge Bucklo |
| v. | ) ) | |
| AFNI, INC., | ) ) | JURY DEMANDED |
| Defendant. | ) ) | |

## PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the Parties' Joint Motion for Preliminary Approval of a Class Settlement Agreement ("Agreement"), the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the proposed settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

2. For settlement purposes only, the parties have stipulated to the certification of a class defined as follows:

> All natural persons with Illinois addresses to whom defendant AFNI, Inc. sent a letter seeking to collect a cellular phone bill acquired by Defendant that seeks a collection fee which letter was sent during a period beginning on July 27, 2006 and ending October 31, 2008.

This Class as defined includes approximately 130,000 persons.

3. The Court provisionally certifies the stipulated Class and appoints Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel. With respect to the Class and for settlement purposes

only, this Court finds and concludes that:

　　　　(a)　　Class members are ascertainable and so numerous that joinder of all members is impracticable;

　　　　(b)　　there are questions of law or fact common to the Class, and there is a well-defined community of interest among Class members with respect to the subject matter of the Litigation;

　　　　(c)　　the claims of the Plaintiff are typical of the claims of Class members;

　　　　(d)　　Plaintiffs have fairly and adequately protected the interests of the Class members;

　　　　(e)　　a class action is superior to other available methods for an efficient adjudication of this controversy; and

　　　　(f)　　the law firm of Edelman, Combs, Latturner & Goodwin, LLC is qualified to serve as Class Counsel.

　　4.　　A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held before this Court on January 8, 2010 at 1:30 p.m.

　　5.　　The Court approves the proposed forms of notice to the Class, to be directed to the last known address of the members of the Class as shown on Defendant's records. Defendant will mail, or cause to be mailed notice to members of the Class on or before September 28, 2009. Defendant will have the notice sent by any form of bulk mail that provides address forwarding mail to each address. Defendant will re-mail any notice that is returned with a forwarding address.

6. The Court finds that mailing of the class notice and the other measures specified above to locate and notify members of the Class is the only notice required and that such notice satisfies the requirements of due process and Fed. R. Civ. P. 23(c)(2)(B).

7. Members of the Class shall have until November 27, 2009 to return their claim forms, or to opt out or object to the proposed settlement. Any Class member who desires to exclude him or herself from the action must mail a request for exclusion to Class Counsel by that date. Class Counsel shall forward all opt out requests to Counsel for Defendant. Any Class members who wish to object to the settlement must submit an objection in writing to counsel for Plaintiffs and Defendant by that date. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the Class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement.

DATE:   8/28/09              ENTER: _____
                                    The Honorable Elaine E. Bucklo
                                    United States District Judge